## Zulu Manufacturing Company, Appellant, v. Max G. J. Hoffman and Paul J. Huxmann, Appellees.

### Gen. No. 21,830.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed December 19, 1916.

### Statement of the Case.

Bill in equity by Zulu Manufacturing Company, a corporation, complainant, against Max G. J. Hoffman and Paul J. Huxmann, defendants, to restrain defendants from enforcing the payment of a judgment of defendant Hoffman, which sum the latter claimed to be due from complainant for manufacturing parts of certain machines. From a decree continuing in force the temporary injunction until final determination of the cause and denying the right to amend the bill so as to set up fraud and perjury in the procuring of such judgment, complainant appeals.

The judgment involved was afterwards affirmed by this court upon writ of error (*Hoffman v. Zulu Mfg. Co.*, 185 Ill. App. 185). Complainant, in said bill, offered to pay the judgment, upon the delivery of the machines, but alleged that Hoffman had transferred same to the Aamax Company, a corporation organized by him and later adjudged bankrupt; that the receiver appointed in such bankruptcy proceedings had possession of the machines and that Hoffman had assigned the judgment to Paul J. Huxmann, his attorney. The receiver was not made a party. Separate answers were filed by Hoffman and Huxmann wherein the material allegations of the bill were denied. Hoffman in his answer admitted that he had the machines, that complainant was entitled to possession of same

but refused to accept them, and denied that he had transferred them to said corporation, or that its receiver had them in his possession. A temporary injunction issued, enjoining Hoffman and Huxmann, defendants, from enforcing payment of the judgment until the further order of the court. Subsequently complainant filed three successive amendments to said bill, demurrers to all of which were sustained, and the case referred to a master. The evidence taken before the master and his findings contemplated an amendment to said bill to the effect that elements of fraud and perjury entered into the procuring of said judgment. The court overruled exceptions filed by complainant to the master's report, and entered a decree dismissing said bill for want of equity. Thereafter complainant was not permitted by the court to amend said bill as contemplated before the master, but the court modified said decree so as to continue in force the temporary injunction until the final determination of the cause in this court.

WILLIAM A. JENNINGS, for appellant.

PAUL J. HUXMANN, for appellee Hoffman.

FRANK H. BICEK, for appellee Huxmann.

MR. JUSTICE McGOORTY delivered the opinion of the court.

## Abstract of the Decision.

1.  EQUITY, § 251*—*when discretion of court in refusing to allow amendment to bill not abused.* On a bill by a judgment debtor to restrain the judgment creditor and the assignee of the judgment from enforcing a judgment, based on the theory that the judgment creditor had sold the machines, the cost of manufacturing of which had been the basis of the judgment, and was therefore unable to deliver them to complainant, *held* that the court did not abuse its

discretion in refusing to allow an amendment to the bill to the effect that fraud and perjury entered into the procuring of such judgment.

2. JUDGMENT, § 328*—*when evidence insufficient to show procurement of, through perjured testimony.* On a bill to restrain the enforcement of a judgment, evidence *held* insufficient to show that such judgment was procured through perjured testimony.